UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARRETT MJ TALIF SOREZO, aka
MELVIN FRAZIER,

    Plaintiff,                                   Case No. 1:22-cv-12540

v.                                                  Honorable Thomas L. Ludington
                                                      United States District Judge

BUCKINGHAM PALACE et al.,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO REOPEN CASE**

An inmate purporting to be a descendant of three Founding Fathers sued England's Royal Family and the President of the United States, alleging they were stalking him with spy technology. His complaint was dismissed as frivolous.

Now, the inmate seeks to have his case reopened and tried before a jury because he allegedly is Ron DeSantis's candidate for vice president in the 2024 presidential election.

**I.**

On August 14, 2022, the Michigan State Police arrested Plaintiff Garrett MJ-Talif Sorezo, also known as Melvin Frazier Jr., for malicious use of telecommunications services, MICH. COMP. LAWS § 750.540e, reckless use of a firearm, MICH. COMP. LAWS § 752.863a, felony firearm, MICH. COMP. LAWS § 750.227b, and being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. *See* JailTracker, *Garrett Sorezo*, https://omsweb.public-safety-cloud.com/jtclientweb/(S(jloxltha0qqf1nwvouy5ilzy))/jailtracker/index/Isabella_County_MI (last visited Feb. 8, 2023). For that arrest, he is imprisoned at Isabella County Jail in Michigan. *Id.*

While in pretrial detention and proceeding *pro se*, Plaintiff sued Defendants Buckingham Palace, Princes William and Harry of England, Queen Kate of England, the White House, and

President Joe Biden under the Privacy Act. ECF No. 1. In sum, Plaintiff asserted that he is "related to the founders[] of America," namely "George Washington, Zachary Taylor[,] and James Madison," and that Defendants are "using spy technology" and sending him "death threats" in violation of the Privacy Act. *Id.* at PageID.3–4 (cleaned up). Based on those allegations, he sought to "stop [Defendants'] slave trade [of his] cousin and [him]," to "be placed on the file of the White House," and to "be awarded and paid a pay load." *Id.*

The Complaint was dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction, failure to state a claim for relief, and seeking monetary relief from the President of the United States. ECF No. 5 at PageID.4 (citations omitted).

Ninety-three days later, Plaintiff filed a document to "open an appeal."[1] ECF No. 7. In sum, he "would like to reopen [his] case . . . for an appeal or retrial" because he is "a vice president candidate in campaign with Ron DeSantis for 2024," which he thinks makes his allegations "much better now." *Id.* at PageID.6 (cleaned up). Although the legal foundation for Plaintiff's request is not altogether clear, his Motion will be liberally construed under several theories.

## II.

### A.

If Plaintiff seeks to reopen the time to file an appeal, then his request lacks merit. His case was dismissed on October 25, 2022. ECF Nos. 5; 6. Thus, his deadline to file a notice of appeal was December 27, 2022—60 days after his case was dismissed. FED. R. APP. P. 4(a)(1)(B). But he did not file a notice of appeal, so his deadline to request an extension of the appeal deadline was January 26, 2023—30 days after his deadline to appeal. FED. R. APP. P. 4(a)(5)(A)(i). That he did.

---

[1] Plaintiff filed the same exact motion in at least three other dismissed cases in this district. *See Sorezo v. Grainge*, No. 2:23-CV-10046 (E.D. Mich. filed Jan. 26, 2023), ECF No. 8; *Sorezo v. Smith*, No. 2:22-CV-12849 (E.D. Mich. filed Jan. 26, 2023), ECF No. 8; *Sorezo v. White House*, No. **Error! Main Document Only.**2:22-CV-12494 (E.D. Mich. filed Jan. 26, 2023), ECF No. 13.

*See* ECF No. 7 at PageID.6 (filing motion on January 26, 2023). Therefore, Plaintiff must establish "excusable neglect or good cause" for an extension. *See* FED. R. APP. P. 4(a)(5)(A)(i), (ii) advisory committee's note to 2002 amendment ("Regardless of whether the motion is filed before or during the 30 days after the original deadline expires, the district court may grant an extension if a party shows either excusable neglect or good cause.").

Plaintiff's only possible argument is that he allegedly is Ron DeSantis's candidate for vice president in the 2024 presidential election. ECF No. 7 at PageID.6. But being Ron DeSantis's candidate for vice president is not good cause. *See United States v. Jeffery*, No. 1:14-CR-20427-1, 2021 WL 4804685, at *2 (E.D. Mich. Oct. 14, 2021) ("Accordingly, '[g]ood cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal.'" (quoting *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (alteration in original))). Nor is it excusable neglect. *See Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (unpublished) (holding that "the reason for the delay is the factor that is most critical" and "must have the greatest import" (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010))). True, this Court could take judicial notice of that fact if it were true. *See* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 13 (2022) ("Courts may take 'judicial notice of [public presidential statements as] an adjudicative fact' under Federal Rule of Evidence 201(b)(2)."). But Plaintiff has not corroborated his claim. *See generally* ECF No. 7.

For lack of excusable neglect and good cause, Plaintiff's Motion to Reopen will be denied. FED. R. APP. P. 4(a)(5)(A)(ii).

**B.**

If Plaintiff seeks reconsideration, then his argument lacks merit. That request would have to be construed under Federal Rules of Civil Procedure 59(e) or 60(b). E.D. Mich. LR 7.1(h).

**1.**

As a threshold matter, Plaintiff's Motion will be denied for lack of analysis because he has not identified which of his arguments seek relief under Rule 50(e) or 60(b). *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2023 WL 372641, at *3 (E.D. Mich. Jan. 24, 2023). First, his argument does not cite or even reference Rule 59 or Rule 60. Nor does it explain why either of those Rules warrants the relief that he seeks. Nor does it cite any case from any court that might explain why being Ron DeSantis's candidate for vice president would warrant relief under Rule 59 or 60. Therefore, Plaintiff's Motion to Reopen will be denied. *E.g.*, *Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, No. 1:12-CV-654, 2016 WL 4239184, at *7 (W.D. Mich. Jan. 6, 2016) (denying motion for reconsideration due to "lack of analysis").

Even though Plaintiff has not provided any analysis under Rules 59 or 60, his arguments will be assessed on the merits to the extent that they can be discerned.

**2.**

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

Plaintiff filed his motion 93 days after entry of the October 25, 2022 Judgment. Therefore, any request for reconsideration under Rule 59(e) is untimely. FED. R. CIV. P. 59(e).

And such a request would lack merit. "A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)); *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). But Plaintiff makes no such showing. At best, he seems to disagree with the ruling. *See generally* ECF No. 7. Rule 59(e) may not be used to relitigate a court's initial

ruling. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" (citation omitted)); *accord Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). Thus, Plaintiff has failed to demonstrate that he is entitled to relief under Rule 59(e).

**3.**

Plaintiff's argument also lacks merit under Rule 60(b). True, a federal court may grant relief from a final judgment or order for several enumerated reasons and "any other reason that justifies relief." FED. R. CIV. P. 60(b).

But Plaintiff's only argument is that he is Ron DeSantis's 2024 candidate for vice president. ECF No. 7 at PageID.6. As explained, Plaintiff has not corroborated this claim. *See* discussion *supra* Section II.A. Yet it would not justify relief from the judgment because it would have no effect on the merits of his claims. That is, being Ron DeSantis's candidate for vice president would not explain how or why England's Royal Family or President Biden have been spying on him.

Because Plaintiff fails to demonstrate that this Court erred in dismissing his complaint or that he is otherwise entitled to relief under Rule 60(b), his Motion to Reopen will be denied.

**III.**

Accordingly, it is **ORDERED** that Plaintiff's Motion to Reopen, ECF No. 7, is **DENIED WITH PREJUDICE**.

Dated: February 8, 2023                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge